## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-1388-ABC (AGR) | Date | September 20, 2013 |
|---|---|---|---|
| Title | Gregory C. Manning v. Kenneth Germanow | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       In Chambers:  **ORDER TO SHOW CAUSE**

On February 26, 2013, Plaintiff Manning filed a complaint pursuant to 42 U.S.C. § 1983. On April 2, 2013, the court screened the complaint and found it failed to state a claim but gave Manning leave to amend.  On June 3, 2013, Plaintiffs Manning and K. Doe filed a first amended complaint ("FAC").  On September 18, 2013, the court filed a Report recommending that Manning be dismissed from the action.  (Dkt. No. 10.)

The court construes the addition of K. Doe as a plaintiff in the FAC as a request to proceed anonymously.  The FAC states that K. Doe "assumed the pseudonym . . . to preserve his privacy for confidential mental health information, disability issues, and personal characteristics which will appear throughout the pleadings."  (FAC at 6 n.2.)

A plaintiff's "use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'"  *Does I thru XIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  "[T]he Ninth Circuit [has] permitted parties to proceed anonymously when special circumstances justify secrecy."  *Id.*  A plaintiff may "use [a] pseudonym[] in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (using pseudonyms in an opinion because a prison inmate faced a serious risk of bodily harm if his role as a government witness were disclosed)).

A party "may preserve his or her anonymity [in the district court] . . . when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id.* at 1068.  The Ninth Circuit identified three situations in which other circuit courts have found that a party may proceed anonymously:  "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1388-ABC (AGR) | Date | September 20, 2013 |
|---|---|---|---|
| Title | Gregory C. Manning v. Kenneth Germanow | | |

anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* (citations and quotation marks omitted).[1]

K. Doe's true name was disclosed in the initial complaint and throughout the FAC, including multiple declarations written by Manning with K. Doe's real name at the top and supposedly signed by K. Doe with his real name at the bottom. (Dkt. No. 1 (Complaint) at 7-20, 22-28, 30-33, 35-39, 42-50; Dkt. No. 7 (FAC) at 41-54, 56-59, 62-66, 71-79, 83-89.) One exhibit to the FAC, Ex. B, is entitled "INMATE APPEALS FILED BY K. DOE [¶] Responses to Inmate Appeals filed by K. Doe" and contains documents with K. Doe's true name. (Dkt. No. 7 at 69-79.) Exhibit C to the FAC is entitled "DECLARATIONS OF GREGORY MANNING [¶[ DECLARATIONS OF K. DOE" and has declarations with K. Doe's true name at the top and signed by him with his true name at the bottom. (Dkt. No. 7 at 80, 88-90.) A district court may refuse to permit a plaintiff to proceed anonymously when "Doe failed to redact her true name in documents filed in the district court." *Doe v. U.S. Dept. of Health and Human Servs.*, 517 Fed. Appx. 548, 549 ((th Cir. 2013) (Unpublished Memorandum).

Accordingly, **on or before October 4, 2013,** Plaintiff K. Doe shall show cause why his apparent request to proceed anonymously should not be denied.

In addition, p*ro se* parties are required to keep the court apprised of their current address. L.R. 41-6. K. Doe is ORDERED to file a Notice of Current Address by October 4, 2013.

**Failure to timely respond to this order to show cause and to file a Notice of Current Address may result in dismissal of K. Doe without prejudice for failure to prosecute and/or failure to comply with a court order.**

cc:   Plaintiff K. Doe

Initials of Preparer   mp

---

[1] If a pseudonym is used "to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (citations omitted). The basis for anonymity "may change as the litigation progresses." *Id.* at 1069.