1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11  GREGORY C. MANNING, et al.,     )    NO. CV 13-1388-ABC (AGR)
12          Plaintiffs,             )
13          v.                      )
14  KENNETH GERMANOW, et al.,       )    ORDER ACCEPTING FINDINGS
                                    )    AND RECOMMENDATION OF
15          Defendants.             )    UNITED STATES MAGISTRATE
                                    )    JUDGE
16                                  )
17  _____)

18          Pursuant to 28 U.S.C. § 636, the Court has reviewed the first amended
19  complaint ("FAC"), records on file, and the Report and Recommendation of the
20  magistrate judge.  Further, the Court has engaged in a *de novo* review of those
21  portions of the Report to which Plaintiff Manning has objected.  The Court
22  accepts the findings and recommendation of the magistrate judge.
23          In Claim 1, Manning alleges a due process violation effectively based on
24  the prison's denial of his request to share a cell with Plaintiff Withers.  (Report at
25  9-10.)  Plaintiff alleges that Defendants violated his due process rights by calling
26  him a "sexual predator," thereby violating California's Sexually Violent Predator
27  Act ("SVPA"), codified at Cal. Welf. & Inst. Code § 6600 *et seq.*  (Objections at 9-
28  10 (citing FAC at 10-11).)

"The procedure for commitment under the SVPA begins with an initial screen in which the . . . CDCR . . . determines whether a person in CDCR custody might be a sexually violent predator." *Rabuck v. Superior Court*, 2013 WL 6384532, *2 (Cal. App. Ct. 2013).[1]  If the CDCR determines that an inmate "might be a sexually violent predator," the inmate is referred "to the next level [of] evaluation." *Id.*  In the subsequent evaluation, the inmate is screened by the CDCR and the Board of Parole Hearings using a "'structured screening instrument'" to determine whether a "full evaluation" is required. *Id.* (citation omitted).  In a full evaluation, two mental health professionals decide whether the inmate "'has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody.'" *Id.* (citation omitted).

Manning does not allege his due process rights were violated by any of the above procedures.  Instead, Manning alleges that individual Defendants' statements about him violated his due process rights.  (*See, e.g.,* FAC at 11 (Defendant Germanow allegedly stating that Manning "is dangerous to be around, we don't want you around him.  You are choosing to move in with a sexual predator.  We don't want you to move in with him, he's physical [sic] violent, he's a predator.").)  Such statements do not state a due process claim.[2]

Manning's remaining objections are without merit.

---

[1]  The CDCR's screening occurs "at least six months prior" to the inmate's release date from a "determinate sentence." Cal. Welf. & Inst. Code § 6601(a)(1). Manning was convicted in 1991 of many crimes, including "multiple counts of committing lewd acts with a child."  He was sentenced to 116 years in prison. *Gregory Charles Manning v. J. Marshall, Warden*, Case No. 05-CV-5438-ABC (JWJ) (C.D. Cal.), Dkt. No. 11 at 2.

[2]  In other parts of the Objections, Plaintiff complains about being called a "sexual predator."  (*See, e.g.,* Objections at 28.)

IT IS HEREBY ORDERED that (1) Claims I, III, V, VI, VII, and VIII are dismissed with prejudice for failure to state a claim; (2) Claim XI is dismissed without prejudice; and (3) Plaintiff Manning is dismissed from the action.


DATED: December 16, 2013

_____
AUDREY B. COLLINS
United States District Judge

3